KUHN, J.,
Plaintiff filed a complaint against Robert H. Conley, d/b/a York Springs Auto Auction, and William E. Naugle, d/b/a Naugle Auto & Trucking, alleging violation of Pennsylvania and federal statutes regarding disclosure of accurate odometer readings in the transfer of used cars. The complaint states that on February 26, 1990, plaintiff purchased a 1980 Volkswagen at the York Springs Auto Auction. The car was owned by William E. Naugle. York Springs Auto Auction allegedly acted as agent for the seller in the sale and transfer of title to plaintiff.
On an auction sales form, Naugle listed the odometer reading as 45,715 miles in excess of the vehicle’s mechanical limits and as 45,715 on the application for assignment of title. The mechanical limits of the vehicle’s odometer is 999,999 miles. As a result of the discrepancy, the Commonwealth would not issue plaintiff a title for the vehicle.
*388 Defendant, Robert H. Conley, filed preliminary objections in the nature of a demurrer and for a more specific pleading. Essentially, Conley argues that as auctioneer he has no responsibility under the odometer disclosure statutes.[3]
When considering preliminary objections in the nature of a demurrer, the court must accept as true all well-pled facts in the complaint, as well as all inferences reasonably deducible therefrom, and only sustain the objection when the case is clear and free of doubt. Harner v. The Gettysburg Times, 32 Adams L.J. 7, 7-8 (1990).
Title 75 Pa.C.S. §7134 requires a transferor of a motor vehicle to furnish a transferee a written statement containing the odometer reading at the time of transfer. One who, with the intent to defraud, violates this provision is civilly liable. 75 Pa.C.S. §7138(a). A “transferor” is one “who transfers his ownership in a motor vehicle by sale. . .”75 Pa.C.S. §7131.
The documents of record clearly show that Nau-gle was the “transferor” and not Conley. Liability under the statute is imposed only upon the transfe-ror. Therefore, the demurrer will be granted as to alleged violation of the Pennsylvania legislation.4
The Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §1981 et seq., also provides odometer disclosure requirements. Pursuant to 15 U.S.C. §1988 regulations were developed requiring a trans-feror to give written disclosure of odometer infor *389 mation to a transferee in connection with the transfer of ownership of a motor vehicle. Those regulations are set forth in 49 C.F.R. §580.1 et seq. Therein “transferor” is “any person who transfers his ownership or any person who, as agent, transfers the ownership of another, in a motor vehicle by sale. . .” 49 C.F.R. §580.3. Civil liability arises for any person who, with the intent to defraud, violates the disclosure requirements. Basically, a transferor is required to disclose the odometer reading at the time of transfer of ownership. 49 C.F.R. §580.5.
The obvious difference between the Pennsylvania and federal legislation is the inclusion of “agent” within the definition of “transferor,” otherwise the cause of action under the federal statute would be resolved in the same manner as the cause of action under the Pennsylvania statute. Plaintiff alleges that Conley acted as “agent” for Naugle in the sale and transfer of title. Therefore, it would be inappropriate to sustain a demurrer at this time with that factual issue to be resolved.4
Conley argues, and we agree, that an auctioneer who did not own the vehicle is not a transferor under the regulations and, therefore, not responsible for non-disclosure. Industrial Indent. v. Arena Auto Auction, 638 F.Supp. 1030 (D. Minn. 1986). While the documentation of record suggests that Conley was an auctioneer and not plaintiffs “agent,” in ruling upon a demurrer the court must resolve all inferences in favor of the plaintiff. The complaint having described Conley as Naugle’s agent we are *390 inclined to deny the demurrer so a better factual background may be developed.
However, liability only arises under 15 U.S.C. §1989 when the disclosure requirements are violated with the intent to defraud. Pa.R.C.P. 1019(b) requires that fraud be pled with particularity. The complaint sub judice is substantially deficient in this regard.
ORDER OF COURT
And now, December 7, 1990, the demurrer of defendant, Robert H. Conley, d/b/a York Springs Auto Auction, is granted as to relief being sought under 75 Pa.C.S. §§7134 and 7138(a) but denied as to the relief being sought under 15 U.S.C. §1981 et seq. The motion for more specific pleading is granted.
Plaintiff is granted 20 days from date of mailing of this order to file an amended complaint.

. Defendant has not raised the issue of exemption under 49 C.F.R. §580.6, therefore, we will not address that point; however, we note that a transferor is not required to disclose the odometer mileage of a vehicle which is 10 years old or older. This 1980 Volkswagen was sold February 26, 1990.

. Plaintiff’s brief contains numerous factual allegations not contained in the complaint which are, therefore, ignored by this court.

. Without having to rule upon the significance of the following language, we note that the sales form provides in conspicuous print that “York Springs Auto Auction assumes no responsibility nor guarantees the accuracy of odometer reading on any consigned vehicles.”